**Electronically Filed
Supreme Court
SCWC-14-0000531
29-JUN-2018
07:41 AM**

SCWC-14-0000531

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

DAVID PREBLE,
Petitioner/Petitioner-Appellant,

vs.

STATE OF HAWAI'I,
Respondent/Respondent-Appellee.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000531; S.P.P. NO. 11-1-0054; CR NO. 99-2362)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.,)

Petitioner David Preble (Preble) was convicted of several counts each of first-degree sexual assault and third-degree sexual assault in 2001 and sentenced to extended terms of imprisonment. On direct appeal, the ICA affirmed his convictions in 2004, and this court denied his application for writ of certiorari on January 13, 2005. Preble filed a petition pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 in 2011. The circuit court denied his petition without a hearing on January 30, 2014. Preble appealed the circuit court's denial

to the Intermediate Court of Appeals (ICA), which affirmed the circuit court in a summary disposition order filed March 17, 2017. Subsequently, in his amended Rule 40 petition Preble argued his extended term sentences were "illegal sentences" under Apprendi v. New Jersey, 530 U.S. 446 (2000). We accepted his application for writ of certiorari on July 5, 2017. We hold that under our recent decision in Flubacher, Preble is entitled to relief under HRPP Rule 40. Flubacher v. State, 142 Hawai'i 109, 414 P.3d 161 (2018); HRPP Rule 40(a).

## I. Background

Preble was indicted on multiple charges of sexual assault in the first degree and sexual assault in the third degree on December 2, 1999. His first two trials on the charges resulted in mistrials. In the third trial, which concluded June 7, 2001, a jury found Preble guilty of three counts of first-degree sexual assault and eight counts of third-degree sexual assault in violation of Hawai'i Revised Statutes (HRS) § 707-730(1)(b)(1993) (a class A felony) and HRS § 707-732(1)(b)(1993) (a class C felony). On July 26, 2001, the state filed a motion for extended terms of imprisonment. On October 16, 2001, the circuit court heard argument on the state's motion for extended terms of imprisonment and sentencing of repeat offender and granted the motion.

2

The court sentenced Preble to extended terms of imprisonment under HRS § 706-662(4)(a) (Supp. 1999), the multiple offender statute.  The extended terms comprised (1) ten years on each third-degree sexual assault count (extended from five years), with mandatory minimum terms of three years and four months, and (2) life with the possibility of parole on each first-degree sexual assault count (extended from twenty years), with mandatory minimum terms of six years and eight months.  HRS § 706-662(4)(a) required the sentencing court to find that the "defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public."  Id.  Among the findings of fact the court made in support of imposing extended terms on Preble were that "Defendant is unable to abide by rules and instructions and has been terminated from drug programs" and "Defendant has been provided with opportunities for rehabilitation including the Victory Ohana program.  Defendant was unable to benefit and follow the rules of such programs."

## II.  Discussion

Under our recent decision in Flubacher, Preble is entitled to relief under Rule 40.  Flubacher, 142 Hawai'i 109, 414 P.3d 161.  In Flubacher, we recognized the applicability of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) to Hawaii's system of extended term

3

sentencing. Apprendi held that, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The Supreme Court held, as well, that "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." Id. at 490.

Applying these rules to the facts in Flubacher, we noted that "a judge, not a jury, made the required finding that Flubacher's extended term sentence was necessary to the public." 142 Hawaiʻi at 118, 414 P.3d at 170. As we concluded, "That 'required finding expose[d] the defendant to a greater punishment than that authorized by the jury's guilty verdict.' Therefore, Flubacher's extended term sentences were imposed in an illegal manner because they violate Apprendi." Id. at 118-19, 414 P.3d at 170-71 (quoting Apprendi, 530 U.S. at 494). The same is true of the judge-made findings supporting Preble's extended sentences. For that reason, we conclude that Preble's extended term sentences were imposed in an illegal manner.

### III. Conclusion

Because we conclude Preble's extended term sentences were imposed in an illegal manner, we vacate section D of the ICA's summary disposition order, the portion of the ICA's March

4

31, 2017 Judgment on Appeal solely relating to extended sentences, the circuit court's January 30, 2014 "Order Denying Post-Conviction Relief Without a Hearing" denying Preble's HRPP Rule 40 petition, the portions of the circuit court's "Amended Judgment Guilty Conviction and Sentence" filed on November 19, 2001, solely relating to extended sentences, and the portions of the "Findings of Fact, Conclusions of Law and Order Granting State's Motion for Extended Term of Imprisonment" filed December 6, 2001, solely relating to extended sentences.  We affirm the ICA's summary disposition order, and the ICA's March 31, 2017 Judgment on Appeal, as to all other matters.  We remand this case to the circuit court for further proceedings consistent with this summary disposition order.

 DATED: Honolulu, Hawaiʻi, June 29, 2018.

David Preble
Petitioner-Appellant,
pro se

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

